Treaty of Peace and friendship 1787 between the Empire of Morocco & the United States 

Case: 22crim 644

TO: The UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

## The UNITED STATES OF AMERICA
## V.
## STEVEN PEREZ

Writ to remove the GPs monitoring device base on Res Judicata and the Constitution the supreme Law of the land

Greetings, I am Lucha El, in propria persona sui juris, a free Moorish American National that is respectfully submitting this memorandum of Law, affidavit of fact and move the court to remove the monitoring device due to its violation of my Human rights, Constitutional rights and, most of all my right to liberty given to me by the Divine creator of all the Almighty God

First and foremost I am a man, the title El that I chose to give myself is my right through self determination, a right that no man nor government can give, it is a right that is mine from my existence on this soul plane.

    A name is a symbol of a thing and therefore not the thing itself. The given name of Steven Perez in proper format is the name my father and mother gifted me. "PEREZ" in an improper format does not symbolize or present me as a man but as a fiction which I am not. It is the prosecutors malicious attempt to denationalize me fraudulently and forcefully to deprive me of my constitutional, human, and treaty rights. By way of color of Law making me a fiction with no status. Status is the position that I hold as a man with reference to the rights which are recognized and maintained by the Law; in other words my capacity for the exercise and enjoyment of my rights because I know they exist. See Declaration of Human rights articles 3, 4, 5, 8, and 15, also see article 6 of the Constitution and The treaty of peace and friendship between our nations article 20, 21, and 24.

For the following reasons this unlawful device should be removed from off my body:
    I was coerced under threat and duress into accepting the conditions in order not to go to jail, therefore invalidating alleged consent. See Commonwealth v. Lafrance, 402 Mass. 789, 791 n.3 (1988)

GPS monitoring does not ensure any government interest, it cannot be used as means to prevent flight risk as explained by Mass. Superior court. It does not ensure that the defendant will make any court dates according to Mass. Superior court. it does not ensure that the defendant will not intimidate witnesses according to the Mass. Superior court, and it's only used for people on probation who are found guilty.

Since the Superior court of Mass. declared that it violates their constitutions right to due process then, surely according to Res Judicata since i and the defendant in that case were both innocent men going through procedure, the Res Judicata effect applies to me and this court must conclude, the imposition of gps monitoring on a pretrial defendant violates the federal and New York constitutions. See Commonwealth v. Norman 484 Mass. 330. See New York constitution article 1 section 6, "no person shall be deprived of life, liberty, or due property without due process."

Under the federal constitution, "individuals have a reasonable expectation of privacy in the whole of the movements." See Carpenter V. United States, 138 s. Ct. 2206, 2217 (2008), citing United States V. Jones, 565 U.S. 400, 430, (2012), in Gray V. North Carolina, 575 U.S. 306 (2015), 'the United States supreme court held that a search under the 4th amendment occurs when the government attaches a device to a person's body, without consent for the purpose of tracking that person's movements '"Johnson, 481 Mass. at 718, quoting Grady, supra at 309. Subsequently, we held that imposing GPS monitoring as a condition of probation is a search under article 14 . See johnson, supra, citing Commonwealth V. Feliz, 481 Mass. 689, 690-691 (2019), this is so that even probationers have diminished expectation of privacy relative to the general population." See Commonwealth V. Feliz, supra at 700, citing United States V. Knights, 534 U.S. 112, 119-120 (2001) the reasonable expectation of privacy of a defendant pretrial, such as the defendant here, is greater than that of a probationer's. See Commonwealth V. Silva, 471 Mass. 610, 617 (2015) citing Bell v, Wolfish, 441 U.S. 520, 545 (1979), and The United States v. Cohen, 796 f.2d 20, 23-24 (2nd cir.), cert.denied, 479 U.S. 854 (1986) ("pretrial detainee enjoys at least as many constitutional rights as a convicted prisoner and perhaps more"). See also United States V. Scott, 450 F.3d 863, 873-874 (9th cir, 2006) ("Privacy and liberty interest" of an individual on pretrial release are "far greater than a probationers" ). Given the greater expectation of privacy of a defendant pretrial, the implication is clear. Page 335

For the reasons listed above and any reason I may have missed, I move the court to remove the unlawful GPS tracking device from my body.

Under penalty of perjury and persecution from my Moorish nation
A free man in full life
Lucha El   U.C.C. 1-308

*Lucha El* (signature)

 Treaty of Peace and friendship 1787 between the Empire of Morocco & theUnited States 

Case: 22crim 644

This motion to suppress is based on the following facts and issue of Law.

1. An autonomous call was made regarding the allegation that I had possession of a firearm. No other information was provided.
2. Based on the allegation of a firearm alone, with no additional information, the police responded with the arrest of my physical body.
3. There are only 3 types of police interaction: 1, A consensual encounter; 2, A "terry stop" which requires reasonable suspicion; and 3, an arrest which requires probable cause.
4. Since knowledge of a firearm is not sufficient to give rise to reasonable suspicion that an individual was illegally carrying a gun. The arrest of my physical body was illegal; in violation of the fourth amendment and all statements made, all body cam footage and all items seized as a result, are fruits of a poisonous tree and must be suppressed.
5. I was seized the moment I was arrested based on an anonymous call with insufficient information to give rise to reasonable suspicion.
6. The things to be suppressed are the following:

Memorandum of Law

Commonwealth V. Alvarado 423 Mass 266. Supreme Judicial Court of Massachusetts. Carrying a gun is not a crime… This court held that in Commonwealth V. Couture. 407 Mass. 178, 183, cert. Denied, 498 U.S. 951 (1990), that, under the Fourth Amendment, "the mere possession of a handgun was not sufficient to give rise to a reasonable suspicion that the defendant was illegally carrying that gun." See Commonwealth V. Toole, 389 Mass. 159, 163-164 (1983) ("carrying a .45 caliber revolver is not necessarily a crime" and thus there was no probable cause to search vehicle)

Brumley V Commonwealth 413 S.W. 3d 280, ky ``Knowledge of firearms…alone…does not create reasonable suspicion…"

Commonwealth V. Kelly 484 Mass. 53.
Carrying… a weapon is not, standing here alone, an indication that criminal conduct has occurred or is contemplated.

Commonwealth V. Jones-Pannell 472 Mass. 429: Identifying the moment of seizure is a crucial question for purposes of deciding to suppress.

Under penalty of perjury and persecution from my Moorish Nation

A Free Man In full life

Lucha El    All Rights Reserved

*Lucha El* (signature)

Case: 22 Crim 644

Greetings of Peace,

I respectfully request the court clerk to please send a copy to all parties



FROM: Lucha El
3318 Perry Ave
Apt 4C
Bronx, NY, 10467

TO: Clerk of Court
500 Pearl Street

Crim Dkt En

**FROM:**
Lucha El
3318 Perry Ave
Apt 4C
Bronx, NY, 10467

**TO:**
Clerk of Court
500 Pearl Street
NY, NY, 10007

CRIM DKT EN

RECEIVED JAN 18 2023 CLERK'S OFFICE S.D.N.Y.

RETURN RECEIPT REQUESTED

CERTIFIED

7021 0350 0000