**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

February 6, 2023

**VIA ECF**

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Steven Perez (Lucha El)**
      **22 Cr. 644 (JSR)**

Dear Judge Rakoff:

  For 61 days, Mr. Lucha has been under home confinement pending trial. With the consent of the Government, I write to request that the Court modify his conditions of release to remove the condition of home detention and impose as an alternative a curfew enforced by location monitoring.

  As the Court is aware, the Bail Reform Act of 1984 ("BRA") imposes a presumption of release for individuals accused of committing federal crimes. The BRA "requires a court to order the pretrial release of a defendant on a personal recognizance bond 'unless the court determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" United States v. Sabhani, 493 F.3d 63, 75 (2d Cir. 2007) (quoting 18 U.S.C. § 3142(b)).

  For individuals like Mr. Lucha, for whom release is appropriate, the BRA imposes a limiting principle, recognizing that every condition is a further restriction on an individual's liberty. As such, judicial officers are only permitted to "order the pretrial release of the person… subject to the least restrictive […] condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. 3142(c)(1)(B). The Act further recognizes the power of the Court to amend previously set conditions of release "at any time." 18 U.S.C. § 3142(c)(1)(B)

Hon. Judge Jed S. Rakoff

  Mr. Lucha's conditions of release should be modified to remove the condition of home detention. Home detention is not the "least restrictive condition" to reasonably assure Mr. Lucha's appearance in Court or the safety of the community. Under home detention, Mr. Lucha must remain inside of the apartment he shares with his mother in the Bronx unless given permission to leave for court, attorney/client meetings, employment, or medical appointments. Mr. Lucha is not permitted to walk outside for fresh air or check on his elderly neighbors and run errands for them as he had been doing periodically during the pandemic. While he is authorized to find employment, he is prohibited from walking around his neighborhood scouting for community-based work opportunities. He must remain at home at all times, and he has except for visits with counsel and court appearances. The isolation that Mr. Lucha has experienced from his placement on home confinement generates undue stress and anxiety, and has contributed to a sedentary lifestyle. Nevertheless, despite the challenges of home confinement, Pretrial Officer Jonathan Lettieri reports that Mr. Lucha has been compliant with his conditions of release.[1]

*Home Detention Is Not Necessary to Protect the Community*

  The conditions of home detention are overly restrictive in light of Mr. Lucha's compliance with his conditions of release for 61 days and in light of his background. Mr. Lucha is not a danger to the community and home confinement is not necessary to protect the community. He is charged with unlawfully transferring or receiving a firearm into New York from out of state— a non-violent offense that carries a <u>maximum</u> penalty of five years imprisonment. 18 U.S.C. § 922(a)(3). He is not alleged to have engaged in any violent or assaultive conduct. At 33 years old, he has only one prior conviction from 2014 for misdemeanor drug possession. There is no legal reason to continue to confine Mr. Lucha to his home to "protect the community" considering this background and his conduct on pretrial release.

*Home Detention is Not Necessary to Assure Mr. Lucha's Appearance in Court*

  Nor is home detention necessary to ensure Mr. Lucha's appearance in Court. Mr. Lucha is not a flight risk. He has deep, lifelong ties to the Bronx. He has lived in the borough his entire life and has no intention of leaving. He has a five-year-old son who lives in the Bronx with his son's mother. Mr. Lucha lives in the borough with his mother, Maria Gonzalez, and a few minutes away from his brother, Israel Perez. His mother is a project supervisor at Montefiore Hospital. His brother has worked as a driver for FedEx for four years. Both his mother and brother have cosigned a bond, putting their own livelihoods on the line because they know that Mr. Lucha will not flee.

  Beyond his community ties, Mr. Lucha's consistent history of appearing in court is the best evidence that he will continue to appear in court and not flee He has never missed a court appearance. He arrived early to undersigned counsel's office before his arraignment before Your Honor on December 9, 2022. At this appearance, the Court had an opportunity to see that Mr.

---

[1] During a call with undersigned counsel on January 31, 202, Officer Lettieri stated that Mr. Lucha was compliant with his conditions of release.

Hon. Judge Jed S. Rakoff

Lucha is deeply invested in the legal process and has every intention of being an active participant in his case.

      Mr. Lucha's record of appearing in Court in Massachusetts without the condition of home confinement is further proof that home detention is an unnecessary restriction in this case. As this Court is aware, Mr. Lucha has a pending Massachusetts state case. The Massachusetts case concerns his alleged possession of a firearm that federal prosecutors believe was obtained out of state. Mr. Lucha has been out on bond in the Massachusetts matter since April 2022, with the condition that he refrain from possessing weapons or firearms and reside with his mother. He has complied with the conditions of his bond in Massachusetts and has never missed a court date despite the 3.5+ hour distance between his home in the Bronx and the courthouse in Lowell, Massachusetts. Again, Mr. Lucha's compliance and attendance in Court occurred without home confinement as a condition of his release. It is not necessary to achieve the same result here.

      The lesser condition of a night curfew with ankle monitoring is more than sufficient to reasonably assure the safety of the community and Mr. Lucha's appearance in Court. Mr. Lucha is alleged to have possessed on two different occasions firearms that were obtained from a different state. On both occasions, the possession occurred at night. For this reason, a curfew condition would be more narrowly tailored to any potential risk of danger than a blanket home detention condition. With a curfew, Mr. Lucha is also able to engage during the day in pro-social and healthy behavior like taking care of others in his community and engaging in physical activity outside of the home.

      Finally, Mr. Lucha has been paired with Kelly Sheffield, a social work intern at the Federal Defenders of New York. Ms. Sheffield is assisting Mr. Lucha with his employment search and access to community-based services. A curfew would allow Mr. Lucha and Ms. Sheffield to meet and work freely together without requiring either to request permission in advance from Pretrial.

      Pretrial Services acknowledges Mr. Lucha's compliance, yet objects to modification at this time. This objection appears grounded in Pretrial's policy of favoring "gradual" modifications of conditions of release; it is not, however, grounded in the law governing pretrial conditions of release articulated in 18 U.S.C. 3142(c)(1)(B).

      The Government consents to Mr. Lucha's placement on a curfew enforced by location monitoring.

      For the reasons above, I ask the Court to impose the requested modification of Mr. Lucha's conditions of release.

      Respectfully submitted,

      /s/ Zawadi S. Baharanyi
      Zawadi S. Baharanyi, Esq.

cc:    AUSA Ashley Nicolas.