UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> STEVEN PEREZ, <br> a/k/a "Lucha," <br><br> Defendant. | **SUPERSEDING INDICTMENT** <br><br> S1 22 Cr. 644 (JSR) |

### COUNT ONE
**(Conspiracy to Receive Firearms from Outside States of Residency)**

The Grand Jury charges:

1. From at least in or about May 2020 through at least in or about July 2021, in the Southern District of New York and elsewhere, STEVEN PEREZ, a/k/a "Lucha," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, transporting and receiving firearms interstate without the requisite licenses, in violation of Title 18, United States Code, Section 922(a)(3).

2. It was a part and an object of the conspiracy that STEVEN PEREZ, a/k/a "Lucha," the defendant, and others known and unknown, not being licensed importers, licensed manufacturers, licensed dealers, or licensed collectors of firearms within the meaning of Chapter 44, Title 18, United States Code, would and did willfully and knowingly transport into and receive in the State in which a person resided firearms purchased and otherwise obtained by such person outside that State, in violation of Title 18, United States Code, Section 922(a)(3).

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the

following overt acts, among others, were committed in the Southern District of New York and elsewhere:

      a. On or about September 22, 2020, STEVEN PEREZ, a/k/a "Lucha," the defendant, sent a wire transfer in the amount of approximately $350, from a check cashing facility in the Bronx, New York, to a co-conspirator ("CC-1") in South Carolina.

      b. On or about October 1, 2020, CC-1 purchased at least one firearm from a federal firearms licensee ("FFL") in South Carolina.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Interstate Transport of Firearms)

The Grand Jury further charges:

4. From at least in or about September 2020 through at least in or about June 23, 2021, in the Southern District of New York and elsewhere, STEVEN PEREZ, a/k/a "Lucha," the defendant, not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully and knowingly transport into and receive in the State in which he resided firearms purchased and otherwise obtained by PEREZ outside that State, to wit, PEREZ, a New York State resident, received into New York a Century Arms Canik 9-millimeter handgun, serial number 20CB25810, that had been obtained for PEREZ outside of New York.

(Title 18, United States Code, Sections 922(a)(3), 924(a)(1), and 2.)

### FORFEITURE ALLEGATION

5. As a result of committing the offenses alleged in Counts One and Two of this Indictment, STEVEN PEREZ, a/k/a "Lucha," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code,

Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to:

   a. FN 503, 9mm handgun, serial number ("SN") CV006976;

   b. MC1 9mm pistol, SN 035736CP;

   c. Glock 43, 9mm handgun, SN ADWH603;

   d. Taurus G2C, 9mm handgun, SN ABDWH603;

   e. Glock 44, 22LR handgun, SN AELY222;

   f. Glock 19GEN4, 9mm handgun, SN ACMB656;

   g. Hellcat 9mm pistol, SN BY306999;

   h. Taurus Poly revolver, SN JZ20483;

   i. Beretta APX 9mm, SN AXC030812;

   j. Beretta APX 9mm, SN AXC030805;

   k. Springfield 9mm pistol, SN HG970741;

   l. Ruger LCR revolver, SN 154025585;

   m. Beretta 21A .22 pistol, SN BCS19935U;

   n. Smith & Wesson M&P 9mm handgun, SN JEV8303;

   o. Canik TP9 9mm handgun, SN 20CB25810;

   p. Taurus PT738 .380 handgun, SN 1D117214;

   q. Smith & Wesson 9mm handgun, SN JFC0427;

   r. SCCY Model CPX2 9mm handgun, SN C023420;

   s. Smith & Wesson M&P .380 handgun, SN RJB4429;

   t. Glock GMBH 9mm handgun, SN BRFT833;

   u. Mossberg MC1SC 9mm handgun, SN 034425C;

v. Ruger LCR 38 revolver, SN 1541-34460;

w. Glock GMBH 9mm handgun, SN AEYB797;

x. Taurus G2C 9mm handgun, SN ABK021341;

y. Canik TP9 9mm handgun, SN 20CB-33183.

### Substitute Assets Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 924;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
DAMIAN WILLIAMS  
United States Attorney