UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

STEVEN PEREZ,
     a/k/a "Lucha,"

          Defendant.

**S1 22 Cr. 644 (JSR)**


**THE GOVERNMENT'S REQUESTS TO CHARGE**


DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007


Ashley C. Nicolas
Maddison Reddick Smyser
Sarah Mortazavi
Assistant United States Attorneys
    *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN PEREZ,<br>　　a/k/a "Lucha,"<br><br>　　　　　　Defendant. | **S1 22 Cr. 644 (JSR)** |

## <u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

## <u>TABLE OF CONTENTS</u>

REQUEST NO. 1 ........................................................................................................................ 1

General Requests ..................................................................................................................... 1

REQUEST NO. 2 ........................................................................................................................ 2

The Indictment ......................................................................................................................... 2

REQUEST NO. 3 ........................................................................................................................ 3

Multiple Counts ....................................................................................................................... 3

REQUEST NO. 4 ........................................................................................................................ 4

Count One: Elements of the Offense ....................................................................................... 4

REQUEST NO. 5 ........................................................................................................................ 6

Count One: Existence of the Conspiracy - Agreement (Element One) .................................. 6

REQUEST NO. 6 ........................................................................................................................ 9

Count One: Membership in the Conspiracy (Element Two) ................................................... 9

REQUEST NO. 7 ...................................................................................................................... 13

Count One: Overt Acts ........................................................................................................... 13

REQUEST NO. 8 ...................................................................................................................... 14

Count One: Duration of and Extent of Participation in Conspiracy ..................................... 14

REQUEST NO. 9 ...................................................................................................................... 16

Count One: Liability for Acts and Declarations of Co-Conspirators ................................... 16

REQUEST NO. 10 .................................................................................................................... 18

Count Two: Interstate Transport or Receipt of Firearms ...................................................... 18

REQUEST NO. 11 .................................................................................................................... 19

Count Two: Definitions .......................................................................................................... 19

REQUEST NO. 12 .................................................................................................................... 20

Count Two: Element One – Not a Licensed Dealer .............................................................. 20

REQUEST NO. 13 .................................................................................................................... 21

Count Two: Element Two – Transportation Into or Receipt In State of Residence .............. 21

REQUEST NO. 14 .................................................................................................................... 22

Count Two: Element Three – Willfulness .............................................................................. 22

REQUEST NO. 15 .................................................................................................................... 23

Aiding and Abetting ............................................................................................................... 23

REQUEST NO. 16 .................................................................................................................... 26

Willfully Causing a Crime ................................................................................................ 26

REQUEST NO. 17 .............................................................................................................. 28

Motive ................................................................................................................................ 28

REQUEST NO. 18 .............................................................................................................. 29

Venue ................................................................................................................................. 29

REQUEST NO. 19 .............................................................................................................. 31

Variance in Dates .............................................................................................................. 31

REQUEST NO. 20 .............................................................................................................. 32

Persons Not on Trial .......................................................................................................... 32

REQUEST NO. 21 .............................................................................................................. 33

Law Enforcement or Government Witnesses ..................................................................... 33

REQUEST NO. 22 .............................................................................................................. 34

Preparation of Witnesses ................................................................................................... 34

REQUEST NO. 23 .............................................................................................................. 35

Limited Evidence ............................................................................................................... 35

REQUEST NO. 24 .............................................................................................................. 36

Similar Acts ....................................................................................................................... 36

REQUEST NO. 25 .............................................................................................................. 37

Particular Investigative Techniques ................................................................................... 37

REQUEST NO. 26 .............................................................................................................. 38

False Exculpatory Statements ........................................................................................... 38

REQUEST NO. 27 .............................................................................................................. 39

Use of Evidence Obtained Pursuant to Searches and Seizures .......................................... 39

REQUEST NO. 28 .............................................................................................................. 40

Expert Testimony ............................................................................................................... 40

REQUEST NO. 29 .............................................................................................................. 41

Charts and Summaries: Admitted as Evidence .................................................................. 41

REQUEST NO. 30 .............................................................................................................. 42

Charts and Summaries: Not Admitted as Evidence ........................................................... 42

REQUEST NO. 31 .............................................................................................................. 43

Stipulations of Fact ........................................................................................................... 43

REQUEST NO. 32 ................................................................................................ 44

Uncalled Witnesses – Equally Available or Unavailable ................................. 44

REQUEST NO. 33 ................................................................................................ 45

Defendant's Testimony ....................................................................................... 45

REQUEST NO. 34 ................................................................................................ 46

Conscious Avoidance/Willful Blindness  [*If Applicable*] ................................ 46

REQUEST NO. 35 ................................................................................................ 48

Improper Considerations: Race, Religion, National Origin, Gender, Sexual Orientation, or Age ..... 48

REQUEST NO. 36 ................................................................................................ 49

Juror Duty to Follow Instructions ...................................................................... 49

REQUEST NO. 37 ................................................................................................ 50

Punishment Is Not to Be Considered by the Jury ............................................. 50

REQUEST NO. 38 ................................................................................................ 51

Sympathy: Oath as Jurors ................................................................................... 51

Conclusion ........................................................................................................... 52

## <u>REQUEST NO. 1</u>

### <u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury

b.    Jury's Recollection Governs

c.    Notetaking by Jurors

d.    Duty to Base Verdict on Evidence

e.    Statements of Court and Counsel Not Evidence

f.    Duty to Weigh Evidence Without Prejudice

g.    Government Treated Like Any Other Party

h.    Indictment Not Evidence

i.    Burden of Proof

j.    Presumption of Innocence

k.    Reasonable Doubt

l.    Direct and Circumstantial Evidence

m.    Inferences

n.    Credibility of Witnesses

o.    Verdict of Guilt or Innocence Must be Unanimous

p.    Duties of Foreperson and Return of Verdict Form

q.    Right to See Exhibits and Have Testimony Read During Deliberations

## REQUEST NO. 2

### The Indictment

The defendant, Steven Perez, a/k/a "Lucha," is formally charged in an Indictment.  As I have instructed you already, the Indictment is not evidence of a crime and is simply a way for the Government to present charges in this case.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the offenses.

The Indictment has two counts. Count One of the Indictment alleges that between May 2020 and July 2021, the defendant, who was not a licensed importer, manufacturer, dealer, or collector of firearms, conspired with others to transport or receive into the state of residency of the transporter or receiver firearms that were purchased or otherwise obtained outside that state.

Count Two alleges that between September 2020 and June 2021, the defendant, who was not a licensed importer, manufacturer, dealer, or collector of firearms, transported into and received in the State of New York, a specific firearm — a Century Arms Canik 9mm handgun — that was purchased or otherwise obtained outside the State of New York.

2

## REQUEST NO. 3

### Multiple Counts

The Indictment contains two counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty on each count. Whether you find the defendant guilty of one count should not influence your verdict as to the other count.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-6;
> *see United States v. Sanzo*, 673 F.2d 64 (2d Cir. 1982).

## REQUEST NO. 4

### Count One: Elements of the Offense

As I said, Count One charges the defendant with participating in a conspiracy to violate a federal law. Specifically – and I am now reading from the Indictment – Count One charges that:

*[The Court is respectfully requested to read Count One of the Indictment to the jury.]*

A conspiracy is a kind of criminal partnership, a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law, as charged in this Indictment, is an independent offense. The essence of the crime of conspiracy is an agreement or understanding to violate other laws. It is separate and distinct from the crime that is the objective of the conspiracy, and it is separate and distinct from the actual violation of any specific federal laws, which the law refers to as substantive crimes.

Thus, in considering a conspiracy charge, you do not have to find that the actual substantive crime that is the object of the conspiracy was committed – here, interstate transport or receipt of firearms. In other words, you may find the defendant guilty of agreeing to transport or receive in the recipient's state of residency firearms purchased or otherwise obtained outside of that state, even if no firearms were actually received or transported. It is the agreement itself – the agreement with others to commit the crime – along with the other elements of conspiracy that the law forbids and defines as a crime.

To sustain its burden of proof with respect to the charge of conspiracy contained in the Indictment, the Government must prove beyond a reasonable doubt the following three elements:

<u>First</u>, the existence of the conspiracy charged in Count One of the Indictment; in other words, that two or more persons entered into the unlawful agreement charged in the Indictment.

4

Second, that the defendant knowingly and willfully became a member of that conspiracy or agreement.

Third, that one of the members of the conspiracy—it does not have to be the defendant—knowingly committed at least one overt act for the purpose of furthering some object of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-2; Hon. Vernon S. Broderick, Jury Charge, *United States v. Allums et al.*, 15 Cr. 153 (S.D.N.Y. 2017); Hon. Jesse M. Furman Jury Charge, *United States v. Dambelly*, 16 Cr. 2 (S.D.N.Y. 2016); Hon. Vernon S. Broderick, Jury Charge, *United States v. Ramos-Nunez*, 14 Cr. 102 (VSB) (S.D.N.Y. 2014); Hon. Katherine B. Forrest, Jury Charge, *United States v. Benito Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012); *see also United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal."); *United States v. Corsey*, 512 F. App'x 6, 8 (2d Cir. 2013) ("impossibility is not a defense to a conspiracy charge").

## REQUEST NO. 5

### Count One: Existence of the Conspiracy - Agreement (Element One)

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an understanding, between two or more persons, to accomplish a criminal or unlawful purpose.  The conspiracy alleged in the Indictment is an agreement to transport or receive into the state of residency of the transporter or receiver firearms that were obtained outside that state.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.  The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an element of the crime of conspiracy.

To show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and setting forth details of the plans and means by which the unlawful project is to be carried out or the part to be played by each conspirator.  Common sense will tell you that when people enter into a criminal conspiracy much may be left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  From its very nature, conspiracy is almost invariably characterized by secrecy and concealment, which makes detection difficult.  Conspirators do not usually reduce their agreements to writing or acknowledge them in front of a notary public; nor do they normally publicly broadcast their plans.  Thus you may infer the existence of a conspiracy from the circumstances of the case and conduct of the parties involved.

The agreement may be implicit.  It is sufficient if two or more persons in some way or manner, impliedly or tacitly, come to a common understanding to violate the law.  In other words,

6

in order to find that the defendant is guilty of the conspiracy charged in the Indictment you must find that he and at least one other person agreed to transport or receive into the state of residency of the transporter or receiver firearms that were obtained outside that state. Express language or specific words are not required to indicate assent or attachment to the conspiracy.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose, and you may draw reasonable inferences from those acts and conduct. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

In considering whether a conspiracy existed, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, and that they agreed to work together in furtherance of the objective of the conspiracy charged in the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the

Indictment.

<u>Object of the Conspiracy</u>

The object of a conspiracy is the illegal goal the coconspirators agree or hope to achieve. The object or goal of the conspiracy charged in Count One corresponds with the substantive (or non-conspiracy) offense charged in Count Two. The object of the conspiracy charged was to transport or receive into the state of residency of the transporter or receiver firearms that were purchased or otherwise obtained outside that state. I will explain the elements of those substantive offenses to you when I instruct you with regard to Count Two.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4; Hon. Norman A. Mordue, Jury Charge, *United States v. Raymond et ano.*, 15 Cr. 81 (N.D.N.Y. 2017); Hon. Vernon S. Broderick, Jury Charge, *United States v. Allums et al.*, 15 Cr. 153 (S.D.N.Y. 2017); Hon. Vernon S. Broderick, Jury Charge, *United States v. Ramos-Nunez*, 14 Cr. 102 (VSB) (S.D.N.Y. 2014); Hon. Katherine B. Forrest, Jury Charge, *United States v. Benito del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012); Hon. Laura Taylor Swain, Jury Charge, *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); Hon. Colleen McMahon, Jury Charge, *United States v. Omar Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010).

## REQUEST NO. 6

### Count One: Membership in the Conspiracy (Element Two)

The Government must also prove beyond a reasonable doubt that the defendant unlawfully, willfully, and knowingly entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose, and that he agreed to take part in the conspiracy to promote and cooperate in furtherance of one or more of its unlawful objectives.

Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy in which he is charged, that the defendant knew what he was doing. That is, that he took the actions in question deliberately and voluntarily. The key question is whether the defendant joined the relevant conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

As you can see, this element concerns a person's state of mind. Direct proof of state of mind is not always available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind. Such direct proof is not required.

### "Unlawfully," "Knowingly," and "Willfully" Defined

"Unlawfully" means contrary to law. A defendant need not have known that the purpose of the conspiracy was to violate any particular or specific law; but he needs to have been aware that the purpose of the conspiracy was generally unlawful in nature.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his or her conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

When you come to decide, for example, whether the defendant agreed with at least one other person to transport or receive into the state of residency of the transporter or receiver firearms that were purchased or otherwise obtained outside that state, you need not limit yourself to just what he said, but you may also look at what he did and what others did in relation to him and, in general, everything that occurred. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy exists. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may

know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge of a criminal conspiracy, without participation in the unlawful plan, is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Knowledge is a matter of inference from the proven facts. Science has not yet devised a way of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and communications alleged to have taken place by or with the defendant or in his presence. The Government contends that these acts and conversations show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purpose of the charged conspiracy. The defendant denies that he was a member of this conspiracy. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary for the Government to show that the defendant was fully aware of every detail of the conspiracy. Nor is it necessary for a defendant to know every other member of the conspiracy. In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator. Neither is it necessary for the defendant to receive any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome. However, although

11

proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor you may properly consider in determining whether a defendant was a member of the conspiracy.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 19-6, 56-18; Hon. Richard M. Berman in *United States v. Sharpe*, S2 15 Cr. 288 (RMB) (S.D.N.Y. 2017); Hon. Vernon S. Broderick in *United States v. Allums et al.*, 15 Cr. 153 (S.D.N.Y. 2017); Hon. Vernon S. Broderick, Jury Charge, *United States v. Ramos-Nunez*, 14 Cr. 102 (VSB) (S.D.N.Y. 2014); Hon. Richard J. Sullivan in *United States v. Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); Hon. Katherine B. Forrest, Jury Charge, *United States v. Benito del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012); Hon. William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); Hon. Laura Taylor Swain, Jury Charge, *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); Hon. Colleen McMahon, Jury Charge, *United States v. Omar Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010); Hon. Lewis A. Kaplan in *United States v. Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); Hon. John F. Keenan, *United States v. Pa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002); Hon. Leonard B. Sand, Jury Charge, *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); Hon. Michael B. Mukasey, Jury Charge, *United States v. Bello*, 91 Cr. 571 (MBM), *aff'd*, 990 F.2d 622 (2d Cir. 1993).

## **REQUEST NO. 7**

### **Count One: Overt Acts**

Count One also requires that the Government prove beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators—not necessarily the defendant himself.

An overt act is any act that is done to further an object of the conspiracy. An overt act may be a criminal act or the crime that is the object of the conspiracy, but it need not be. It may even be a seemingly innocent act so long as it is a step in carrying out the conspiratorial scheme. In simple language, the overt act element is a requirement that the agreement went beyond the mere talking stage. The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the coconspirators to further the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove the overt acts alleged in the Indictment. That is, you might find that overt acts were committed that were not alleged at all in the Indictment. It is sufficient for the Government to show that the defendant, or one of his alleged coconspirators, knowingly committed any overt act in furtherance of the conspiracy during the life of the conspiracy.

You need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-7 and 19-8.

13

## REQUEST NO. 8

## Count One: Duration of and Extent of Participation in Conspiracy

The duration and extent of the defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. The defendant need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6; Hon. Laura Taylor Swain, Jury Charge, *United States v. Ovalle*, 02 Cr. 975 (LTS) (S.D.N.Y. 2003); Hon. Leonard B. Sand, Jury Charge, *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); Hon. Michael B. Mukasey, Jury Charge, *United States v. Bello*, 91 Cr. 571 (MBM), *aff'd*, 990 F.2d 622 (2d Cir. 1993); *see also*

14

*United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.   A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy), *cert. denied*, 502 U.S. 928 (1991); *United States* v. *Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same), *cert. denied*, 501 U.S. 1233 (1991).

## REQUEST NO. 9

## Count One: Liability for Acts and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed under the law to be the acts of all of the members and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence, without his knowledge, or before he joined the conspiracy.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence and in furtherance of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who said or did that.

> Adapted from Hon. Vernon S. Broderick, Jury Charge, in *United States v. Allums et al.*, 15 Cr. 153 (S.D.N.Y. 2017); Hon. Katherine B. Forrest, Jury Charge, *United States v. Benito del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012); *Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946); *United States v. Heras*, 609 F.3d 101, 110-11

16

(2d Cir. 2010); *United States v. Maldonado-Rivera*, 922 F.2d 934,
961-62 (2d Cir. 1990).

## REQUEST NO. 10

## Count Two: Interstate Transport or Receipt of Firearms

In order to prove the defendant guilty of the offense charged in Count Two of the Indictment, which is the substantive offense, the Government must establish the following three elements beyond a reasonable doubt:

First, that the defendant was not a licensed importer, licensed manufacturer, licensed dealer or licensed collector of firearms;

Second, that the defendant transported or received into the state in which he resided a firearm purchased or otherwise obtained outside that state.

Third, the defendant acted willfully.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-18.

18

## REQUEST NO. 11

### Count Two: Definitions

A person is an "importer" when he is "engaged in the business of importing or bringing firearms or ammunition into the United States for purposes of sale or distribution."

A person is a "manufacturer" when he is "engaged in the business of manufacturing firearms or ammunition for purposes of sale or distribution."

A person is a "dealer" when he is "engaged in the business of selling firearms at wholesale or retail."

A person is a "collector" when he "acquires, holds, or disposes of firearms as curios or relics."

The terms "licensed importer," "licensed manufacturer," "licensed dealer" and "licensed collector" mean any such persons who are licensed under the provisions of the Gun Control Act.

Under the statute, the term "firearm" includes any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive; or the frame or receiver of any such weapon.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-19.

## **REQUEST NO. 12**

### **Count Two: Element One – Not a Licensed Dealer**

The first element that the Government must prove beyond a reasonable doubt is that the defendant was not a licensed importer, manufacturer, dealer or collector.

In order to be a licensed dealer, a person must file an application with and receive a license from the Secretary of the Treasury.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-20.

**REQUEST NO. 13**

**Count Two: Element Two – Transportation Into or Receipt In State of Residence**

The second element that the Government must prove beyond a reasonable doubt is that the firearm was obtained outside of the state of residence of the transporter or receiver and then transported into or received in that state.

In order to satisfy this element, the Government must prove that the state in which the firearm was purchased or otherwise obtained was not the defendant's state of residence and that the state into which the firearm was transported into or received in was the defendant's state of residence.

The defendant does not have to himself purchase the firearms out-of-state, but it is enough to prove only that the defendant received or accepted the guns in his state of residence. The Government will have been found to have satisfied this element if he has caused an agent, employee, or other associate to bring the guns into his state of residence. A defendant who uses another person to purchase the guns for him out-of-state through the use of false statements has "otherwise obtained" firearms under the statute.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-21. *United States v. Mitchell*, 328 F.3d 77, 81 (2d Cir. 2003) (holding that "the employment of out-of-state agents to purchase firearms as 'otherwise obtaining' such firearms pursuant to [Section] 922(a)(3)"); *United States v. Phillips*, 952 F.2d 591, 593 (1st Cir. 1991) (defendant guilty under Section 922(a)(3) where he wired money to an out-of-state resident to buy guns out of state).

21

## REQUEST NO. 14

### Count Two: Element Three – Willfulness

The third element the Government must prove beyond a reasonable doubt is that the defendant acted willfully.

In order to satisfy this element, the Government must prove that the defendant acted intentionally and purposely and with the intent to do something the law forbids, that is with the bad purpose to disobey or disregard the law.  The defendant need not be aware of the specific law or rule that his conduct may be violating, but he must act with the intent to do something that the law forbids. Willfulness can be proved by direct evidence or by circumstantial evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-22;
> *see Bryan v. United States*, 524 U.S. 184 (1998).

## REQUEST NO. 15

### Aiding and Abetting

Count Two also charges the defendant with violating 18 U.S.C. § 2, the "aiding and abetting" statute.  That is, the defendant is charged not only as a principal who committed the crime, but also as an aider and abettor and with having willfully caused the crime.  As a result, under 18 U.S.C. § 2, there are two additional ways that the Government may establish a defendant's guilt on Count Two.  One way is called "aiding and abetting," and the other is called "willfully causing a crime." Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty.  Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

23

In order to convict a defendant as an aider and abettor, the Government must prove beyond a reasonable doubt two elements.

First, the Government must prove that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of someone else if no crime was committed by the other person in the first place. But if you do find that a crime was committed by someone other than the defendant, then you must consider whether the defendant you are considering aided or abetted the commission of that crime.

Second, in order to convict of an aiding and abetting theory, the Government must prove that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally, and with the specific intent to do something that the law forbids.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

-- Did he participate in the crime charged as something

he wished to bring about?

24

--      Did he associate himself with the criminal venture knowingly and willfully?

--      Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

> Adapted from Sand, *Modern Federal Jury Instructions*, 11-1 and 11-2; Hon. Lewis A. Kaplan, Jury Charge, *United States v. James Gatto, et al.,* 17 Cr. 686 (LAK), and from the charge approved in *United States v. Stanchich*, 550 F.2d 1294 (2d Cir. 1977). *See United States v. Labat*, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); *United States v. Clemente*, 640 F.2d 1069 (2d Cir.) (same), *cert. denied*, 454 U.S. 820 (1981).

## REQUEST NO. 16

## Willfully Causing a Crime

The second way in which the Government can prove the defendant's guilt under 18 U.S.C.

§ 2 on Count Two is through a finding beyond a reasonable doubt that the defendant willfully

caused a crime.  Section 2(b) of the aiding and abetting statute, which relates to willfully causing

a crime, reads as follows:

> Whoever willfully causes an act to be done which if
> directly performed by him or another would be an offense
> against the United States [shall be guilty of a federal
> crime].

What does the term "willfully caused" mean?  It means that the defendant himself need not

have physically committed the crime or supervised or participated in the actual criminal conduct

charged in the Indictment.  Rather, anyone who causes the doing of an act which if done by him

directly would render him guilty of an offense against the United States is guilty as a principal.

The meaning of the term "willfully caused" can be found in the answers to the following

questions:

First, did the defendant take some action without which the crime would not have occurred?

Second, did the defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions

is "yes" then the defendant is guilty of the crime charged just as if the defendant himself had

actually committed it.

> Adapted from Sand, *Modern Federal Jury Instructions*, 11-3, and
> from the charge of the Honorable Lewis A. Kaplan in *United States
> v. James Gatto, et al.,* 17 Cr. 686 (LAK). *See United States v.
> Concepcion,* 983 F.2d 369, 383-84 (2d Cir. 1992); *United States v.
> Sliker*, 751 F.2d 477, 494 (2d Cir. 1984); *United States v. Margiotta*,

688 F.2d 108 (2d Cir. 1982); *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979); *United States v. Kelner*, 534 F.2d 1020, 1022-23 (2d Cir. 1976).

## REQUEST NO. 17

### Motive

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.  If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's motive for the crime or crimes may be, or whether that defendant's motive was shown at all.  The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of a defendant.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-18;
> Hon. Deborah A. Batts, Jury Charge, *United States v. Gupta*, 07
> Cr. 177 (DAB).

## REQUEST NO. 18

### Venue

In addition to all of the elements I have described, you must decide, separately with respect to each count, whether the crime occurred within the Southern District of New York. The Southern District of New York includes all of Manhattan and the Bronx.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

In this regard, with respect to Count One, the Government need not prove that the entirety of the charged conspiracy was committed in the Southern District of New York, or that the defendant was present here. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred within the Southern District of New York.

With respect to Count Two, venue is proper to the extent that any act in furtherance of the offense occurred within the Southern District of New York.

I should note that on this issue – and this alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the crime was committed in this District.

If you find that the Government has failed to prove the venue requirement, then you must acquit the defendant.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-11; Hon. Vernon S. Broderick, Jury Charge, *United States v. Allums et al.*, 15 Cr. 153 (S.D.N.Y. 2017); Hon. Katherine B. Forrest, Jury Charge, *United States v. Benito del Rosario*, 12 Cr. 81 (KBF)

(S.D.N.Y. 2012); Hon. Denise L. Cote, Jury Charge, *United States v. Keshawna Clinton*, 10 Cr. 34 (DLC) (S.D.N.Y. 2011); Hon. Laura Taylor Swain, Jury Charge, *United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010); Hon. Colleen McMahon, Jury Charge, *United States v. Omar Gonzalez*, 10 Cr. 588 (CM) (S.D.N.Y. 2010); *see also United States v. Shaw*, No. S1 06 CR 41 (CM), 2007 WL 4208365, at *2 (S.D.N.Y. Nov. 20, 2007). ("The "conspiracy element" provides the nexus with the Southern District that allows the substantive counts [including under 18 U.S.C. § 924(c)] to be properly venued in this district."),

## REQUEST NO. 19

## Variance in Dates

As to Count One, the Indictment alleges that the charged conspiracy occurred from at least in or about May 2020, up to and including at least in or about July 2021.  As to Count Two, the Indictment alleges that the charged crime occurred from at least in or about September 2020, up to and including at least on or about June 23, 2021. It is not essential that the Government prove that an act occurred during a specific time period or on a specific date.  I instruct you that it does not matter if a crime or specific event is alleged to have occurred on or about a certain date or in a certain month but the testimony indicates that, in fact, it was a different date or a different month. The law requires only a substantial similarity between the dates and months alleged in the indictment and the dates and months established by the evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-12; Hon. Edgardo Ramos, Jury Charge, *United States v. Maddawar*, 15 Cr. 627 (S.D.N.Y. 2018); Hon. Harold Baer, Jury Charge, *United States v. Martinez*, 97 Cr. 313 (HB) (S.D.N.Y. 1997); Hon. John G. Koeltl, Jury Charge, *United States v. Alvarado Matriller*, 94 Cr. 723 (JGK) (S.D.N.Y. 1995); Hon. John F. Keenan, Jury Charge, *United States v. Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); Hon. Michael B. Mukasey, Jury Charge, *United States v. Bello*, 91 Cr. 571 (MBM), *aff'd*, 990 F.2d 622 (2d Cir. 1993).

## REQUEST NO. 20

## Persons Not on Trial

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in the Indictment, or are not present at this trial. You also may not speculate as to the reasons why other persons are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

> Adapted from Hon. Loretta A. Preska, Jury Charge, *United States v. Tanner*, 17 Cr. 61 (LAP); Hon. Andrew L. Carter, Jury Charge, *United States v. Seabrook*, 16 Cr. 467 (ALC); Hon. Kimba M. Wood, Jury Charge, *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW); Hon. Loretta A. Preska, Jury Charge, *United States v. Stevenson*, Jury Charge, 13 Cr. 161 (LAP); *see also United States v. Muse*, 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017), *aff'd*, 369 F. App'x 242 (2d Cir. 2010).

## REQUEST NO. 21

### Law Enforcement or Government Witnesses

You have heard the testimony of law enforcement or other government witnesses.  The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16; Hon. Kimba M. Wood, Jury Charge, *United States v. Juan Cespedes-Pena*, 14 Cr. 520 (KMW).

33

**REQUEST NO. 22**

**Preparation of Witnesses**

[*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from Hon. Michael B. Mukasey, Jury Charge, *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); Hon Richard J. Sullivan, Jury Charge, *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

## **REQUEST NO. 23**

### **Limited Evidence**

[*If Applicable*]

Some of the evidence in this case was introduced for a limited purpose. Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from Sand, *Modern Federal Jury Instructions*, 3-5.

## REQUEST NO. 24

### Similar Acts

*[If Applicable]*

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This other-act evidence was admitted for a more limited purpose, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-25, 5-26; Hon. John Keenan, Jury Charge, *United States v. Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991). *See also United States v. Brand*, 467 F.3d 179 (2d Cir. 2006) (rejecting challenge to jury instruction "drawn almost verbatim from the model language of the *Sand* federal charge.")

## REQUEST NO. 25

## Particular Investigative Techniques

*[If Applicable]*

You have heard reference [in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities.  There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.  The Government is not on trial and law enforcement techniques are not your concern.

Your sole concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 4-4; Hon. Kimba M. Wood, Jury Charge, *United States v. Cespedes-Pena*, 14 Cr. 520 [KMW]; *see, e.g.*, *United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017) (instructing jury that the "government is not on trial" is "appropriate" (internal quotation marks omitted)); *United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000) ("The Court properly charged the jury to base its decision on the evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that the defendant was guilty of the crimes with which he was charged.").

37

## REQUEST NO. 26

### False Exculpatory Statements

*[If Applicable]*

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which the defendant exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which the defendant is charged.

Whether or not the evidence as to the defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-11.

38

## REQUEST NO. 27

### Use of Evidence Obtained Pursuant to Searches and Seizures

You have heard testimony about heard testimony about certain evidence searched and seized by law enforcement officers, including searches of vehicles and certain electronic devices. Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you. Such searches and seizures were entirely appropriate law enforcement actions. Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

> Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021), and HonGregory H. Woods, Jury Charge, *United States v. Grant*, 16 Cr. 489 (GHW) (S.D.N.Y. 2018).

**REQUEST NO. 28**

**Expert Testimony**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-21.

**REQUEST NO. 29**

**Charts and Summaries: Admitted as Evidence**

[*If Applicable*]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-12.

## REQUEST NO. 30

## Charts and Summaries: Not Admitted as Evidence

*[If Applicable]*

There have also been summary charts and exhibits introduced merely as summaries or analyses of testimony and documents in the case. The charts and exhibits act as visual aids for you. They are not, however, evidence in themselves. They are graphic demonstrations of underlying evidence. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-13;
> Hon. Richard J. Sullivan, Jury Charge, *United States v. Peirce*, 06
> Cr. 1032 (RJS).

42

**REQUEST NO. 31**

**Stipulations of Fact**

In this case you have also heard evidence in the form of stipulations. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

43

## REQUEST NO. 32

### Uncalled Witnesses – Equally Available or Unavailable

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7;
> *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper
> to instruct jury that no inference should be drawn from the absence
> of a witness who was equally unavailable to both sides); *accord
> United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

44

## REQUEST NO. 33

### Defendant's Testimony

[*Requested Only If the Defendant Testifies*]

[*If the defendant testifies:*]    The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

In this case, the defendant did testify, and he was subject to cross-examination like any other witness.

[*If the defendant does not testify and requests an instruction concerning his election not to do so:*]  The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against her may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from Hon. Denise L. Cote, Jury Charge, *United States v. Telemaque Lavidas.*, S1 19 Cr. 716 (DLC) (S.D.N.Y. 2020); Hon. J. Paul Oetken, Jury Charge, *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); and Hon. Gregory Woods, Jury Charge, *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## **REQUEST NO. 34**

### **Conscious Avoidance/Willful Blindness**

[*If Applicable*]

In determining whether the defendant acted with the necessary knowledge, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  As you all know, if a person is actually aware of a fact, then he or she knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he or she was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

One may not willfully and intentionally remain ignorant of a fact important to his or her conduct in order to escape the consequences of criminal law. And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he or she deliberately avoided learning explicitly what was obvious anyway, he or she did not actually know the incriminating fact.

However, guilty knowledge may not be established by demonstrating that such defendant was merely negligent, foolish, or mistaken.

Keep in mind, however, that in considering the conspiracy charged in Count One, you cannot rely on conscience avoidance to support a finding that the defendant intentionally joined the conspiracy.  Conscious avoidance may apply only to the defendant's knowledge of specific facts, including the specific objectives of the conspiracy, not to whether the defendant joined the conspiracy in the first place.  It is logically impossible for the defendant to intend and agree to join a conspiracy if he does not actually know that it exists.

46

If you find that the defendant was aware of a high probability of a particular fact and that the defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly.  However, if you find that the defendant actually believed that the fact was not so, you may not find that he acted knowingly.

It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3A-2, 44-5; Hon. Jesse M. Furman, Jury Charge, *United States v. Dambelly*, 16 Cr. 2 (S.D.N.Y.); Hon. Loretta A. Preska, Jury Charge, *United States v. Tanner*, 17 Cr. 61 (LAP); Hon. Laura Taylor Swain, Jury Charge, *United States v. Bonventre*, 10 Cr. 228 (LTS); Hon. Richard J. Sullivan, Jury Charge, *United States v. Wadman*, 08 Cr. 1295 (RJS); Hon. John F. Keenan, Jury Charge, *United States v. Rohan Cameron*, 03 Cr. 1457 (JFK). A conscious avoidance charge is appropriate "(i) when a defendant asserts the lack of some specific aspect of knowledge required for conviction, and (ii) the appropriate factual predicate for the charge exists, i.e., the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."  *United States v. Henry*, 888 F.3d 589, 600 (2d Cir. 2018) (approving similar language); *United States* v. *Brito*, 907 F.2d 392, 396 (2d Cir. 1990) (same).

## REQUEST NO. 35

## Improper Considerations: Race, Religion, National Origin, Gender, Sexual Orientation, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider any personal feelings you have about the defendant's race, religion, national origin, gender, sexual orientation, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from Hon. Kimba M. Wood, Jury Charge, *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

48

## REQUEST NO. 36

### Juror Duty to Follow Instructions

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

> Adapted from Hon. Jed S. Rakoff, Jury Charge, *United States v. Andrew Ramsey*, 96 Cr 1098 (JSR); Sand, *Modern Federal Jury Instructions*, Instr. 2-2.

49

## REQUEST NO. 37

### Punishment Is Not to Be Considered by the Jury

The question of possible punishment of the defendant or the potential consequence of conviction is no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with me.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence.  Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant or the consequences of conviction, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 9-1;
*see Shannon v. United States*, 512 U.S. 573, 579 (1994).

**REQUEST NO. 38**

**Sympathy: Oath as Jurors**

Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence in the case.  You are to determine the guilt or non-guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.  I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.  And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.  It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict.  Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The charges here are serious, and the just determination of this case is important to both the defendant and the Government.  Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the Government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty.  If the Government has carried its burden, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 2-12; Hon. Katherine B. Forrest, Jury Charge, *United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (S.D.N.Y. 2015); Hon. Irving Kaufman, Jury Charge, *United State*s *v. Davis*, Appellant's Appendix at pp. 15a-16a, *aff'd*, 353 F.2d 614 (2d Cir. 1965).

## Conclusion

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict on each count must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your

deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here. Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.


Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you. Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

Adapted from Hon. Kimba M. Wood, Jury Charge, *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

\* \* \*

The Government respectfully reserves the right to submit additional or modified requests

at or near the close of evidence.

Dated: New York, New York
        August 21, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: ___/s/_____.
    Ashley C. Nicolas
    Madison Reddick Smyser
    Sarah Mortazavi
    Assistant United States Attorneys
    (212) 637-2467/ -2381/-2520

54