UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x
                                          :
                                          :

**UNITED STATES OF AMERICA**       :
                                          :

**- v -**                                           :          22 Cr. 644 (JSR)
                                          :

**LUCHA EL POR LIBERTAD**,       :
                                          :

                Defendant.     :
-------------------------------------------------- :
                                          x

## DEFENDANT LUCHA EL POR LIBERTAD'S
## REQUESTS TO CHARGE

                               **DAVID E. PATTON, ESQ.**
                               Federal Defenders of New York, Inc.
                               Attorney for Defendant
                               **LUCHA EL POR**
                               **LIBERTAD**
                               52 Duane Street - 10th Floor
                               New York, New York 10007
                               Tel.: (212) 417-8735

                               **ZAWADI BAHARANYI, ESQ.**
                               **AMANDA MAYO, ESQ.**
                               <u>Of Counsel</u>

TO:    **DAMIAN WILLIAMS, ESQ**.
        United States Attorney
        Southern District of New York
        One. St. Andrew's Plaza
        New York, New York 10007
        Attn:   **ASHLEY NICOLAS, ESQ.**
                 **MADISON REDDICK SMYSER, ESQ.**
                 **SARAH MORTAZAVI, ESQ.**
                 Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------  x
                                                        :
**UNITED STATES OF AMERICA**                            :
                                                        :
**- v -**                                               :          22 Cr. 644 (JSR)
                                                        :
**LUCHA EL POR LIBERTAD**,                               :
                                                        :
Defendant.                                              :
------------------------------------------------------  x

## <u>LUCHA EL POR LIBERTAD'S REQUESTS TO CHARGE</u>

Lucha El Por Libertad ("Lucha") respectfully requests that the Court include the following

in its charge to the jury.

**General Instructions**

The defense respectfully requests that the Court give appropriate instructions with respect to the following matters:

- Functions of Court and jury

- Statements of Court and counsel not evidence

- Indictment not evidence

- Witness credibility

- Bias and hostility

- Right to see exhibits and have testimony read during deliberations

- Requirement of unanimity of verdict

- Stipulations

- Expert witnesses

- Government as a party

- Burden of proof

- Presumption of innocence

**Request No. 1**

**Count One: Conspiracy to Receive Firearms from Outside States of Residency**
**(18 U.S.C. § 371)**

Lucha is charged in Count One of the indictment with conspiracy to receive firearms from outside states of residency.

Count One of the indictment reads:

[Read Count One]

The relevant statute on this subject is 18 U.S.C. § 371.  It provides: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

**Authority**

Adapted from 1 *Modern Federal Jury Instructions*, Instruction 19-1.

**Request No. 2**
**Count One: Elements generally**

In order to satisfy its burden of proof as to Count One, the government must establish each of the following four essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the indictment on or about May 2020 through July 2021;

Second, that the defendant knowingly and willfully became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

Fourth, that the overt act(s) that you find to have been committed was (were) committed to further some objective of the conspiracy.

**Authority**

Adapted from 1 *Modern Federal Jury Instructions*, Instruction 19-3; *see also United States v. Svoboda*, 347 F.3d 471, 476 (2d Cir. 2003) (same requirements, but combining third and fourth elements).

**Request No. 3**
**Count One: First element:**
**Existence of the conspiracy**

The first element the government must establish beyond a reasonable doubt is that two or more persons entered the unlawful conspiracy charged in the indictment. A conspiracy is an agreement of two or more people to accomplish, by concerted action, an unlawful purpose. Thus, the government must prove that there was a mutual understanding between two or more people to cooperate with each other to accomplish an unlawful act, known as the object of the conspiracy.

Although you need not find that the alleged conspirators explicitly stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme, SAND the government must nevertheless prove that the defendant entered into an agreement with others with knowledge of the criminal purpose of the scheme and with the specific intent to aid in the accomplishment of those unlawful ends.

Here, the alleged object of the conspiracy was the transport and receipt of firearms outside the states of residency. As I will instruct you later as to Count Two, the elements of this crime are: first, that the individual was not a licensed importer, licensed manufacturer, licensed dealer or licensed collector; second, that the individual resided in a particular state at the time of the alleged crime; third, that the individual transported into the state in which he resided a firearm he purchased outside that state; and fourth, that individual acted willfully and knowingly. Although the actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy, the government must still prove that the defendant and one or more other people agreed upon future conduct that includes all the elements of the object crime that I just set forth.

5

PINCKNEY. In particular, the government must prove that the defendant specifically intended to

commit the object crime, and acted willfully and knowingly. ANDERSTON

### Authority

Adapted from 1 *Modern Federal Jury Instructions*, Instruction 19-4; *United States v. Anderson*, 747 F.3d 51, 61 (2d Cir. 2014); *Svoboda*, 347 F.3d at 477; *United States v. Pinckney*, 85 F.3d 4, 8 (2d Cir. 1996); *United States v. Nieves*, 19-cr-354-JSR, Apr. 22, 2021 Tr. 1019-21.

**Request No. 4**
**Count One: Second element:**
**Membership in the conspiracy**

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

8

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law.

**Authority**

Adapted from 1 *Modern Federal Jury Instructions*, Instruction 19-6; *United States v. Nieves*, 19-cr-354-JSR, Apr. 22, 2021 Tr. 1023.

**Request No. 5**
**Count One: Third element:**
**Commission of an Overt Act**

The third element that the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

The indictment alleges the following overt acts:

(a) On or about September 22, 2020, the defendant sent a wire transfer in the amount of $350 from a check cashing facility in the Bronx, New York, to a co-conspirator in South Carolina.

(b) On or about October 1, 2020, the co-conspirator purchased a firearm from a federal firearms licensee in South Carolina.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven. Furthermore, the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated. However, you must find that either the agreement was formed or that an overt act was committed in the Southern District of New York, which includes the Bronx and Manhattan, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

**Authority**

Adapted from 1 *Modern Federal Jury Instructions*, Instruction 19-7.

10

**Request No. 6**
**Count One: Fourth element:**
**Commission of an Overt Act in Furtherance of Conspiracy**

The fourth, and final, element that the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that, in and of itself is criminal or constitutes an objective of the conspiracy.

**Authority**

Adapted from 1 *Modern Federal Jury Instructions*, Instruction 19-8.

**Request No. 7**
**Count Two: Interstate Transport of Firearms (18 U.S.C. § 922(a)(3))**

The defendant is charged in Count Two with the transportation into the state where he resides firearms purchased by him outside that state. Count Two of the indictment reads: [Read Count Two]

The relevant statute on this subject is 18 U.S.C. § 922(a)(3). It provides, in relevant part, that: "It shall be unlawful . . . for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides . . . any firearm purchased or otherwise obtained by such person outside that State."


**Authority**

Adapted from 2 *Modern Federal Jury Instructions* Instruction 35-16.

**Request No. 8**
**Count Two: Elements generally**

In order to prove the defendant guilty of the charge contained in Count II of the indictment, the government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant was not a licensed importer, licensed manufacturer, licensed dealer or licensed collector;

Second, that the defendant resided in a particular state at the time of the alleged crime;

Third, that the defendant transported into the state in which he resided a firearm he purchased outside that state;

And fourth, that the defendant acted willfully and knowingly.


**Authority**

Adapted from 2 *Modern Federal Jury Instructions* Instruction 35-18 and *United States v. Parker*, 15-cr-10221, ECF No. 127 at 5-159 (D. Mass. Mar. 18, 2016); *see* 18 U.S.C. §§ 922(a)(3), 924(a)(1)(D); *United States v. Thompson*, 18-cr-126, ECF No. 588 at 1077 (W.D.N.Y. Mar. 11, 2020).

**Request No. 9**
**Count Two First Element:**
**Not a Licensed Importer, Manufacturer, Dealer, or Collector**

The first element that the government must prove beyond a reasonable doubt is that the defendant was not a licensed importer, manufacturer, dealer, or collector.

A person is an "importer" when he is "engaged in the business of importing or bringing firearms or ammunition into the United States for purposes of sale or distribution."

A person is a "manufacturer" when he is "engaged in the business of manufacturing firearms or ammunition for purposes of sale or distribution … ."

A person is a "dealer" when he is "engaged in the business of selling firearms at wholesale or retail."

A person is a "collector" when he "acquires, holds, or disposes of firearms as curios or relics."

The terms "licensed importer," "licensed manufacturer," "licensed dealer" and "licensed collector" mean any such persons who are licensed under the provisions of the Gun Control Act.

**Authority**

Adapted from 2 *Modern Federal Jury Instructions* 35-19, 35-20; *see also* 18 U.S.C. § 921(a)(9)–(11), (13).

**Request No. 10**
**Counts Two Second Element:**
**Residency**

The second element that the government must prove beyond a reasonable doubt is that the

defendant resided in a particular state at the time of the alleged crime.  An individual resides in a

state if he is present in a state with the intention of making a home in that state.


**Authority**

Adapted from *United States v. Parker*, 15-cr-10221, ECF No. 127 at 5-160 (D. Mass. Mar. 18,
2016).

15

**Request No. 11**
**Counts Two: Third element:**
**Transportation into State of Residence**

The third element that the government must prove beyond a reasonable doubt is that the defendant obtained the firearm outside of his state of residence and then transported it into that state.

In order to satisfy this element, the government must prove that the state in which the firearm was purchased was not defendant's state of residence and that the state into which the firearm was transported was defendant's state of residence.

**Authority**

Adapted from 2 *Modern Federal Jury Instructions* Instruction 35-21.

**Request No. 12**
**Counts Two: Fourth element:**
**Willfulness**

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted willfully and knowingly.

An act done willfully is one which is done knowingly and purposely and with the intent to do something that the law forbids, that is, the bad purpose to disobey the law.  Therefore, in order to establish a willful violation in this case, the government must prove beyond a reasonable doubt that, when the defendant purchased a firearm outside of his state of residence, and transported it into and received it in his state of residence, he knew that his conduct was unlawful and he intended to disobey the law.

**Authority**

Adapted from 2 Modern Federal Jury Instructions Instruction 35-22; *see also Bryan v. United States,* 524 U.S. 184 (1998); *United States v. Hernandez*, 859 F.3d 817, 823 (9th Cir. 2017).  In *Hernandez*, the Ninth Circuit recognized that this instruction is an "accurate[] state[ment]" of the law and appropriately makes clear that a defendant "could have acted willfully *only if* he knew that bringing the guns to [his state of residence] was somehow unlawful."  *Id.*  The Ninth Circuit went on to note that an instruction like this is necessary "where there is a serious risk that the jury might impute the willfulness to commit an uncharged crime to that required to prove the mens rea for the charged crime," such that "more is required to ensure the government meets its burden of proof and the jury performs its duty."  *Id.*

17

**Request No. 13**
**Willfulness – Good Faith**

A person does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law. Therefore, if the defendant actually believed that what he was doing was in accord with his constitutional right to bear arms under the Second Amendment to the United States Constitution, then he did not willfully transport firearms into his state of residence. This is so even if the defendant's belief was not objectively reasonable, as long as he held the belief in good faith. However, you may consider the reasonableness of the defendant's belief, together with all the other evidence in the case, in determining whether the defendant held that belief in good faith.

**Authority**

Seventh Circuit Pattern Charge 6.11, available at https://www.ca7.uscourts.gov/pattern-jury-instructions/Bauer_pattern_criminal_jury_instructions_2022updates.pdf; *see Ratzlaf v. United States*, 510 U.S. 135, 144–46 (1994); *Cheek v. United States*, 498 U.S. 192, 201 (1991).  Although the Supreme Court held in *Bryan*, 524 U.S. 184, that "the willfulness requirement of § 924(a)(1)(D) does not carve out an exception to the traditional rule that ignorance of the law is no excuse," *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which upended more decades of jurisprudence, certainly makes it clear that reasonable minds can differ about the scope and meaning of the Second Amendment. Given this, and the fact that the instant case, like *Ratzlef*, "involve[s] highly technical statutes that present[] the danger of ensnaring individuals engaged in apparently innocent conduct," *Bryan*, 524 U.S. at 194, a good faith charge is warranted.

**Request No. 14**
**Special Jury Verdict**

In rendering your verdict, I will be asking you to fill out special verdict forms that contain a series of questions. Your answers to these special verdicts shall be either "yes" or "no" and the answers must be unanimous. After all of you agree on the answer to the questions in these special verdicts, the foreperson should write the answer and initial and date each of the forms.

**Authority**

*Modern Federal Jury Instructions*, Instruction 9-9; *United States v. Reed*, 147 F.3d 1178, 1181 (9th Cir. 1998) (finding a special verdict form to be appropriate where it "requires the jury to determine the occurrence of any of a series of acts, each of which is sufficient to constitute the indicted crime"); *United States v. Robinson*, 16-CR-622 (special verdict form used to identify which images of child pornography the jury unanimously agreed upon).

19

**Request No. 15**
**Number of Witnesses**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point. What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

**Authority**

Seventh Circuit Pattern Jury Instruction 2.04.

**Request No. 16**
**Defendant's election not to testify**
**(if applicable)**

Lucha did not testify in this case. Under our constitution, he has no obligation to testify or to present any evidence because it is the government's burden to prove him guilty beyond a reasonable doubt. The right of a defendant not to testify is an important part of our constitution.

As I stated earlier, this burden remains with the government throughout the entire trial and never shifts to Lucha. He is never required to prove that he is innocent. The right of a defendant not to testify is an important part of our Constitution. As the Supreme Court of the United States has said,

> it is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others . . . [may] confuse and embarrass [a defendant] to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

You may not speculate as to why Lucha did not testify.  There are many reasons why a defendant may decide not to testify. A defendant may feel because of the strain of being a witness, the tension, that he may not be calm. A defendant may be embarrassed by his inability to speak well in front of a group of people. You are not to speculate as to these things. You may not draw any inference whatsoever from Lucha's decision not to take the stand.

**Authority**

Adapted from charge by Hon. Robert P. Patterson, Jr., in *United States v. Anibal Soto*, 12 Cr. 556 (RPP), and Sand, *Modern Federal Jury Instructions*, 5-21; *see also Carter v. Kentucky*, 450 U.S. 288, 300 n.15 (1981); *Griffin v. California*, 380 U.S. 609, 613 (1965).

**Request No. 17**
**Defendant's election to testify**
**(if applicable)**

As I instructed you earlier, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.

In this case, Lucha did testify and he was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden on the government to prove the charges against him beyond a reasonable doubt. Lucha did not have to testify and, in fact, did not have to present any evidence whatsoever. You should examine and evaluate his testimony just as you would the testimony of any witness. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case. I also remind you that Lucha's decision to testify does not in any way shift the burden of proof to him.

Do not ask yourself whether his testimony convinces you that he is not guilty. Rather, you must consider all the evidence and the lack of evidence presented, and then ask yourselves whether or not the government has proven the charges contained in the indictment beyond a reasonable doubt.

**Authority**

Adapted from *Modern Federal Jury Instructions*, Instruction 7-4; *see United States v. Gaines*, 457 F.3d 238, 249 and n.9 (2d Cir. 2006)

**Request No. 18**
**Unconscious Bias**

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and in that process to decide the facts.

We all have or have had feelings, assumptions, perceptions, fears and stereotypes also known as biases about people and places that have affected our memories, our thoughts, what we see or hear and/or decisions we make or have made. Some biases we are aware or conscious of and others we might not be fully aware of, which is why they are called "implicit biases" or "unconscious biases."

Unconscious/implicit biases are stereotypes, attitudes, or preferences that we express without conscious awareness, control or intention that can affect how we evaluate information and make decisions.

You must decide the case solely on the evidence and the law before you and resist jumping to conclusions based in favor of or against any party, witness or the defendant because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

If you suspect that you, or a fellow juror, are about to reach a conclusion about a defendant, witness or party to this case through a stereotypical lens, stop yourself and focus simply on the evidence and the legal instructions I have given you. For guidance, if you find yourself or a fellow juror influenced by a stereotype about an individual, presume the individual does not have said stereotype and then again focus solely on the evidence presented and the legal instructions I have given you.

**Authority**

Adapted from Ninth Circuit Pattern Jury Instruction 1.1.; Western District of Washington, Illinois Pattern Jury Instructions 1.08; California Civil Jury Instructions 113.

**Request No. 19**
**Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**Authority**

Adapted from Sixth Circuit Pattern Criminal Jury Instruction 8.04.

**Request No. 20**
**Separate Consideration of Multiple Counts**

Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one. Your verdict on one count should not control your decision as to any other count.

**Authority**

Ninth Circuit Pattern Charge 3.11; Seventh Circuit Pattern Charge 7.03.

**Request No. 21**
**Law Enforcement and Government Witnesses**

You have heard testimony from law enforcement officers and employees of the federal government. The fact that a witness may be law enforcement or employed by a government agency does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**Authority**

Adapted from *Modern Federal Jury Instructions*, Instruction 7-16

**Request No. 22**
**Reasonable Doubt**

I have said that the government must prove Lucha guilty beyond a reasonable doubt. The question then is: what is a reasonable doubt? The words almost define themselves. It is doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her life.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Lucha. Even if Lucha has presented evidence in his defense, it is not his burden to prove himself innocent. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence and lack of evidence, you are satisfied of Lucha's guilt beyond a reasonable doubt, you should vote to convict.  On the other hand, if after fair and impartial consideration of all the evidence and any lack of evidence you have a reasonable doubt, it is your duty to acquit Lucha.

**Authority**

Adapted from *Modern Federal Jury Instructions*, Instruction 4-2.

**Request No. 23**
**Theory of Defense**

Lucha requests the opportunity to submit a theory of defense charge to the Court at the close of the evidence.

**Request No. 24 Defendant's Name**

Throughout the trial you have heard the defendant referred to as Lucha El Por Libertad. Lucha El Por Libertad, or simply Lucha, is Steven Perez's preferred name and it is the name he goes by. Lucha El Por Libertad and Steven Perez are the same person.

Dated:    August 21, 2023
          New York, New York

                                        Respectfully submitted,

                                        _____/s/ Zawadi S. Baharanyi

                                        Zawadi S. Baharanyi, Esq.
                                        Amanda J. Mayo, Esq.
                                        Federal Defenders of New York
                                        52 Duane Street, 10th Floor
                                        New York, NY 10038
                                        (917) 612-2753