**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

August 29, 2023

BY EMAIL
The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States* v. *Lucha El Por Libertad (Steven Perez)*, 22-cr-00644-JSR
      **Additional Charge Requests and Objection**

Dear Judge Rakoff:

We thank you for permitting us to submit this brief letter in support of the defense charge requests and objections.

**Instruction No. 11 (Conspiracy: First Element)**

Although we renew our request that the Court submit the defense Request to Charge No. 3 in its entirety, we understand the Court's ruling and, therefore, propose the addition of the following two lines:

> The government must prove that the defendant and one or more other people agreed upon future conduct that includes all the elements of the object crime. In particular, the government must prove that the defendant specifically intended to commit the object crime, and acted intentionally, willfully, and knowingly.

These instructions are a correct, near-verbatim statement of the law, as set forth in *United States v. Pinckney*, 85 F.3d 4, 8 (2d Cir. 1996) and *United States v. Anderson*, 747 F.3d 51, 61 (2d Cir. 2014), respectively. They are warranted because the jury charge does not otherwise convey the crucial concepts that the conspirators must all agree upon the same object and must have – at least – the specific intent of the underlying crime. In this case, turning on *mens rea* and the very specific intent of willfulness necessary for § 922(a)(3), it is essential to the defense that this language be included.

As the Court noted, it could re-charge or refer to the substantive § 922(a)(3) count within the conspiracy charge. That would be acceptable to the defense as to the first line (concerning "all the elements…"), but we still respectfully ask the Court to include the

August 29, 2023
Page 2 of 5

second line ("specifically intended…"), as we believe it is necessary to reiterate the important specific intent aspect of conspiracy.

**Instruction Nos. 12 and 17 (Willfulness Instruction)**

It appears that the Court, government, and defense all are in agreement that the jury should be charged (a) that the government must prove a defendant willfully joined the conspiracy (Instruction No. 12); and (b) acted willfully as to § 922(a)(3) (Instruction No. 17). We respectfully request that the Court define willfulness as the defense requested in Request to Charge No. 12, which is substantially similar to the government's Request to Charge No. 14. As both are based on *Bryan v. United* States, 524 U.S. 184 (1998), which the Court recognized as setting forth the willfulness standard, we believe that this is the appropriate language:

> An act done willfully is one which is done knowingly and purposely and with the intent to do something that the law forbids, that is, the bad purpose to disobey the law. Therefore, in order to establish a willful violation in this case, the government must prove beyond a reasonable doubt that, when the defendant purchased a firearm outside of his state of residence, and transported it into and received it in his state of residence, he knew that his conduct was unlawful and he intended to disobey the law.

**Instruction No. 13 (Overt Act)**

The defense objects to inclusion of "or any other act taken by any of the conspirators in furtherance of the conspiracy." Allowing the government to prove guilt through unindicted overt acts substantially prejudices the defense and does not provide fair notice. The superseding indictment alleges only two overt acts, occurring in the Bronx and South Carolina. Now, the government has stated that they have a multitude of overt acts, presumably including overt acts that occurred in Massachusetts, not the Southern District of New York.

If the Court declines to omit this charge, or allows the government to prove its case through other, new, specified acts in the charge, the defense requests that the Venue Charge (Instruction No. 19), be amended to specify:

> As for conspiracy, you must find that an overt act was committed in the Southern District of New York.

**Instruction No. 18 (Count Two: Alternate Theories)**

The defense objects to this instruction in its entirety. The government has proceeded on principal liability theories only, and the defense does not plan to argue that Lucha El is not guilty because he did not aid or abet the substantive offense, or did not

August 29, 2023
Page 3 of 5

"willfully cause" commission of the crime. Without a factual predicate, this instruction is irrelevant and, as the Court noted, it is inapplicable to the conspiracy charge. Given this, and the importance of *mens rea* to this trial, there is a danger such a charge would confuse the jury or cause it to "mix up" the requisite specific intents. *United States v. Kopstein*, 759 F.3d 168, 172 (2d Cir. 2014) (reversal required if "charge was highly confusing).

### Charge Request: Multiple Conspiracies

As we understand it, the government's proof will include numerous text messages between people who are not Lucha El agreeing to engage in acts that do not involve Lucha. These people were involved in the Massachusetts arrest, which, the government alleges, is proof of a nationwide interstate conspiracy. Moreover, there is no evidence that Lucha received a firearm in a state other than New York. A multiple conspiracies charge is thus warranted. *United States v. Maldonado-Rivera*, 922 F.2d 934, 962 (2d Cir. 1990) (warranted when there are "separate networks operating independently of each other"). The issue should be submitted to the jury. *United States v. Alkins*, 925 F.2d 541, 553-54 (2d Cir.1991).

Furthermore, the defense will be substantially prejudiced without such a charge, even in this single-defendant trial: the government has introduced testimony and numerous exhibits concerning the alleged Massachusetts co-conspirators and have made it a centerpiece of their case. There is a "legitimate concern that a defendant who operated on the periphery of a large, overarching conspiracy will be unfairly grouped in with a larger conspiracy than he intended to join." *United States v. Richardson*, 532 F.3d 1279, 1291 (11th Cir. 2008).

The defense requests Instruction 19-5 of Sand, et al., Modern Federal Jury Instructions.

### Charge Request: Multiple Conspiracy Objects, Unanimity Required

At a minimum, if the Court denies the preceding charge, the final instruction should charge the jury that there were two conspiracy objects, and that the jury must be unanimous on the object. *United States v. Sharpsteen*, 913 F.2d 59, 62 (2d Cir. 1990) ("The law is clear that a guilty verdict may be returned on a conspiracy count setting forth more than one object as long as the jury unanimously agrees that the defendant conspired to commit at least one object of the conspiracy"). The defense requests that Instruction No. 11 be amended by language modeled after the charge given in *United States v. Petit*, 19-cr-850-JSR:

> Thus, with respect to the first element of the conspiracy charge, you must determine whether the Government has proved, beyond a reasonable doubt, that there existed a conspiracy that had at least one of the two following objects: (a) transportation or receipt of out-of-state firearm into New York, or (b) transportation or receipt of out-of-state

>firearms into the states of residence generally. You need not find that the conspirators conspired to achieve both objectives, but you must nonetheless unanimously agree on which specific objective or objectives the conspirators agreed to accomplish.

**Charge Request: Good Faith Defense**

While acknowledging the Court's skepticism, the defense respectfully repeats its request that the Court issue a good faith instruction substantially similar to that set forth in Request to Charge No. 13, pursuant to the authority set forth in that filing and *United States v. Doyle*, 130 F.3d 523, 541 (2d Cir. 1997) (charge correct where it stated "the Government had to prove willfulness and that good faith was a defense to the willfulness element"). This charge is warranted based on the government's own proof that Lucha El did not flee upon arrest and informed the officer that he bore a firearm because he had a right to do so under the Constitution.

Cognizant of the Court's discussion of *Cheek v. United States*, 498 U.S. 192 and (1991) and *Bryan v. United States,* 524 U.S. 184 (1998), we have amended the charge somewhat to omit any discussion of the Constitution. The requested language is:

>A person does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law. Therefore, if the defendant actually believed that what he was doing was lawful, then he did not act willfully as to either count.

>This is so even if the defendant's belief was not objectively reasonable, as long as he held the belief in good faith. However, you may consider the reasonableness of the defendant's belief, together with all the other evidence in the case, in determining whether the defendant held that belief in good faith.

>Here, Lucha El contends that he believed in good faith that his actions were lawful. If you find that the government has not disproved this belief beyond a reasonable doubt, you must find him not guilty.

**Charge Request: Theory of the Defense**

"A defendant is entitled to a jury charge which reflects his defense," when the facts support it and it is not otherwise reflected in the charge. *Doyle*, 130 F.3d at 540. If the Court should deny the Good Faith charge in its entirety, the defense requests, at a bare minimum, based on the same factual predicate, that the Court charge:

>Here, Lucha El contends that he believed in good faith that his actions were lawful and that this negates the willfulness requirement. If you

August 29, 2023
Page 5 of 5

find that the government has not disproved this belief beyond a reasonable doubt, you must find him not guilty.

**Charge Request: Freedom of Association**

There has been evidence adduced on the government's case that Lucha El and other alleged co-conspirators identify as Moors or Moorish Americans, including Lucha El's Moor identification card, his statements to the Bronx arresting officer, and evidence that will come in through text messages. To avoid penalizing Lucha El for his exercise of his First Amendment rights, we request the following charge:

> Evidence has been presented that Lucha El belongs to a group of people who identify as Moors or Moorish Americans. You are instructed that the First Amendment guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. Because of these constitutional guarantees, no one can be convicted of a crime simply on the basis of his beliefs, his expression of those beliefs, or his associations.

**Charge Request: Limiting Instruction Regarding The Massachusetts Arrest**

Although we respectfully disagree with the Court's rulings as to the admission of the Massachusetts evidence, we request that the jury be instructed that this evidence cannot be used as proof of Lucha El's criminal propensity:

> The government has offered evidence that Lucha El and others were arrested in Massachusetts. I strongly instruct you that this cannot be used as proof that the defendant has a criminal personality or bad character.

Respectfully submitted,
/s/_____
Zawadi S. Baharanyi
Amanda J. Mayo
Kendra Hutchinson
Assistant Federal Defenders
(917) 612-2753

cc:    AUSA Ashley Nicolas
       AUSA Madison Reddick Smyser
       AUSA Sarah Mortazavi