Case: 23-7090, 11/03/2023, DktEntry: 33.1, Page 1 of 3
Case 1:22-cr-00644-JSR   Document 92   Filed 11/03/23   Page 1 of 3

1:22-cr-00644-JSR-2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 03 2023

23-7090
*United States v. Perez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-three.

**PRESENT:**
    **AMALYA L. KEARSE,**
    **SUSAN L. CARNEY,**
    **MYRNA PÉREZ,**
        *Circuit Judges*.

---

**United States of America,**

        *Appellee*,

    v.                                                                                                              No. 23-7090

**Steven Perez,**
**a/k/a Sealed Defendant 2**
**a/k/a Lucha,**

        *Defendant-Appellant*,

**Keith Vereen,**
**a/k/a Sealed Defendant 1,**

        *Defendant*.

---

CERTIFIED COPY ISSUED ON 11/03/2023

| | | |
|---|---|---|
| **FOR APPELLEE:** | | ASHLEY C. NICOLAS, Assistant United States Attorney (Madison Reddick Smyser, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | | KENDRA L. HUTCHINSON, Assistant Federal Defender, Federal Defenders of New York, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

Petitioner appeals the district court's order of detention pending sentencing and requests that this Court issue an order releasing the Petitioner pursuant to 18 U.S.C. § 3143(a), 18 U.S.C. §3145(c), and Fed. R. App. P. 9(a). Petitioner also moves for immediate release pending disposition of this motion pursuant to Fed. R. App. P. 9(a)(3). Upon due consideration, it is hereby **ORDERED** that the judgment of the district court is **AFFIRMED** and the motion for release under Fed. R. App. P. 9(a)(3) is **DENIED**.

A person who has been convicted of an offense with a suggested sentence of a term of imprisonment is not entitled to release pending sentencing unless the district court finds, inter alia, "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1); § 3143(a)(2)(B). A person convicted of a crime of violence is generally to be detained pending sentencing unless the government recommends no prison term, or the defendant—in addition to meeting the above no-risks-of-flight-or-danger requirements, *see id.* § 3143(a)(2)(B)—shows a substantial likelihood that the district court will grant a new trial or a judgment of acquittal, *see id.* § 3143(a)(2)(A)(i). While a court may order that a person "subject to detention under section 3143(a)(2)" be released

pending sentencing "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate," that provision is by its terms applicable only to a person "who meets the conditions of release set forth in section 3143(a)(1)," a section that includes the no-risks-of-flight-or-danger requirements. 18 U.S.C. § 3145(c).

In reviewing a detention order, we review the district court's "specific predicate factual findings" and "overall assessment, based on those predicate facts," for clear error. *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004).

This court need not reach the question of whether Petitioner's conviction under 18 U.S.C. § 922(a)(3) qualifies as a "crime of violence" because we cannot say that the district court clearly erred in finding that Petitioner failed to provide clear and convincing evidence that he did not pose a flight risk or danger to the community. The district court found that Petitioner "totally . . . disrespects the law when it comes to firearms" and held a "deep-seeded [sic] belief that he is the law when it comes to dangerous weapons." Tr. 578-79. Given the circumstances of the underlying offense in this case and Petitioner's improper *pro se* communications to the district court, we cannot conclude that the court clearly erred in finding that Perez did not produce clear and convincing evidence that, if released, he would neither be a flight risk nor pose a danger to the community.

Accordingly, we **AFFIRM** the judgment of the district court, and the motion for release under Fed. R. App. P. 9(a)(3) is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit